N. J. Nicholson v. Commissioner.
Nicholson v. Commissioner
Docket No. 37285.
United States Tax Court
1953 Tax Ct. Memo LEXIS 26; 12 T.C.M. (CCH) 1398; T.C.M. (RIA) 53401; December 10, 1953
*26 Held: Bad debt loss sustained by petitioner in 1946 is properly deductible under section 23 (k) (4), I.R.C., as determined by respondent. Morris Rifkin, Esq., for the petitioner. Frank C. Conley, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax of petitioner in years and in amounts as follows: Year
Deficiency
1945
$1,210.35
1946
7,187.87 Most of the issues originally raised by the pleadings have been settled by stipulation of the parties. The sole question remaining for our consideration involves the status of a certain bad debt loss sustained by petitioner in 1946. Findings of Fact The stipulation of certain facts filed by the parties is adopted and, by this reference, made a part hereof. The petitioner, N. J. Nicholson, is an individual residing in Denver, Colorado. He filed his individual income tax return for the year 1946 with the collector of internal revenue for the district of Colorado. Petitioner has for many years been engaged in the restaurant and bar business in Denver. From 1936 to 1943, he owned and operated the Knickerbocker *27 Restaurant. Since 1943, except for a brief period of unemployment, petitioner has owned the Red Wing (now Belmont) Restaurant. The Red Wing contained office space which petitioner acquired when the business was purchased and which petitioner used generally in connection with all of his business affairs and in particular with respect to the carrying on of the restaurant business. In 1943, 1944, and 1945, petitioner on the advice of one Peter L. Bancroft, a Canadian promoter, purchased and held a minority interest in the Chaffee County Fluorspar Corporation (hereinafter called Fluorspar), a corporation organized and existing under and by virtue of the laws of the State of Colorado, which corporation was engaged in mining fluorspar near Salida, Colorado. Petitioner became president of Fluorspar in 1945. During the period petitioner was president and a minority stockholder of Fluorspar, he devoted approximately 60 to 70 per cent of his time to the corporate activities thereof. He promoted the sale of corporate stock. Petitioner received no compensation from Fluorspar for any of his activities or services rendered in connection therewith. Also during such period, although petitioner *28 had never engaged in the business of promoting or of lending money to corporations, he advanced moneys to Fluorspar aggregating $11,319.61, of which sum $6,891.61 was advanced directly thereto and expended to meet payroll and other operating expenses. The remaining $4,500 was paid to a bank as his liability as an accommodation endorser on a Fluorspar note. The foregoing $11,319.61 constitutes a bad debt, having become such in 1946. Such debt, which resulted in the loss herein in question, was not incurred in petitioner's trade or business. It was a non-business debt. Opinion VAN FOSSAN, Judge: The question, as agreed by the parties, is whether the bad debt loss sustained by petitioner in the taxable year is properly deductible under section 23 (k) (1) [1] of the Internal Revenue Code as a business loss or in accordance with section 23 (k) (4)[1] of the Code as a non-business loss. *29 On the record, we are of the opinion that the debt in controversy bore no proximate relation to any trade or business engaged in by the petitioner at the time it became worthless within the intendment of the pertinent statute. This being true, the loss sustained by petitioner therefrom is properly deductible as a non-business bad debt. See House of Representatives Report No. 2333, 77th Cong., 2d Sess., p. 77. Respondent's determination, therefore, will not be disturbed. Decision will be entered under Rule 50 Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - (1) General Rule. - Debts which become worthless within the taxable year; * * * This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a non-business debt, as defined in paragraph (4) of this subsection. * * *
(4) Non-Business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.↩